IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROY L. CARR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-194-A |
| | § | |
| UNITED REGIONAL HEALTH | § | |
| CARE SYSTEMS, INC., ET AL., | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION</u>
<u>and</u>
<u>ORDER</u>

Came on for consideration the motion of defendant United Regional Health Care System, Inc. ("United Regional"), to dismiss for lack of subject-matter jurisdiction. After reviewing the motion, the response filed by <u>pro se</u> plaintiff, Roy L. Carr, ("Carr"),[1] Carr's amended complaint, the motion to dismiss filed by defendant North Central Texas Medical Foundation ("Texas Medical"),[2] and the applicable authorities, the court has concluded that United Regional's motion to dismiss should be

---

[1] Carr's response is entitled "Motion to Set Aside Defendants' Motions to Dismiss and for Change of Venue and Now Introduces a Motion for Preliminary Injunction," and is drafted more in the form of a response to a motion for summary judgment. Mindful of the leeway granted to <u>pro se</u> litigants, the court has nevertheless considered the response to the extent that it functions as a proper response to a motion to dismiss. Similarly, the court has given whatever weight they deserve the items filed by Carr on August 11, 2006, titled "Appendix to Plaintiff Roy L. Carr's (1) Motion to Set Aside Defendants' Motions for Dismissal and for Venue Change and (2) Motion for Preliminary Injunction With Supporting Brief" and its accompanying Exhibit A.

[2] United Regional and Texas Medical have filed motions to dismiss because of Carr's failure to state a claim upon which relief may be granted. The court does not reach those motions.

granted, and that all of Carr's claims against Texas Medical and defendant Jeri Belcher LSW ("Belcher") should be dismissed, <u>sua sponte</u>, for want of subject-matter jurisdiction.

I.

<u>Carr's Amended Complaint</u>

Carr's amended complaint ("complaint") seeks relief for a litany of alleged wrongs, all of which are associated with the suspension of his physician privileges at United Regional. While poorly drafted, and difficult to follow, Carr appears to allege that his suspension resulted from a frivolous accusation that he sexually harassed Belcher. Interspersed throughout the complaint is mention of a number of federal and state statutes that Carr contends defendants somehow violated in the process. The complaint does not contain allegations sufficient to establish the existence of subject-matter jurisdiction based on diversity of citizenship.[3] Therefore, the court looks to Carr's putative federal causes of action when evaluating the presence of subject-matter jurisdiction.

With respect to United Regional, Carr alleges four potential causes of action arising under federal law. First, he contends United Regional violated 45 C.F.R. § 60.3(d)(5) after falsely reporting to the National Practitioner Data Bank that he sexually harassed Belcher. Next, that United Regional allegedly violated 42 U.S.C. § 11112(a), a provision of the Health Care Quality

---

[3] While Carr alleges that the amount in controversy exceeds $75,000, he makes no allegation as to the state or states of citizenship of himself and each defendant. <u>See</u> Am. Compl. at 1, ¶ 2.

2

Improvement Act, due to the inadequate procedures it used when revoking Carr's physician privileges.  Third, Carr claims that United Regional also committed violations of both the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  Fourth, Carr alleges that United Regional violated his rights secured by the First, Fourth and Fourteenth Amendments.  With regard to the First and Fourth Amendment violations, Carr specifically alleges that:

> On Dec. 7, 2004, Ms. Belcher, as a cooperating agent of the corporate entity at odds politically with the Residency and Dr. Carr, willfully and with injurious intent, did conspire with [United Regional], turning over private papers secured by trust and confidence, private letters of no value to the state, having no relevance to the workplace, of a sensitive and private natures without Dr. Carr's consent as protected under U.S. Const. Amend. I and IV.

Am. Compl. at 2, ¶ 11.  United Regional allegedly violated his rights secured by the Fourteenth Amendment when it suspended Carr's physician privileges "without a pre-suspension Hearing open to [Carr]" and "without ever interviewing him."  Id. at ¶ 10.

Turning to Texas Medical, Carr alleges three putative federal causes of action against it--(1) that Texas Medical failed to provide him with sufficient process during the suspension of his physician privileges in violation of the Fourteenth Amendment, (2) that Texas Medical violated the ADA and the Rehabilitation Act, and (3) that Texas Medical violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.,

because it did not provide Carr with a copy of its investigative report into Carr's sexual misconduct.

Finally, Carr contends that Belcher violated his First and Fourth Amendment rights because of her alleged participation in a conspiracy to deprive him of his physician privileges.

## II.
## Grounds of the Motion

United Medical urges that Carr has not met his burden of demonstrating that the court's subject-matter jurisdiction has been properly invoked. Specifically, United Medical argues that the facts alleged by Carr are insufficient to support exercise of either diversity jurisdiction or federal question jurisdiction.

## III.
## Applicable Legal Standards

The district courts of the United States are courts of limited jurisdiction; they possess only the power authorized by the Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A cause is presumed to lie outside of this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction, in this case the plaintiff. Id.; Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980). Generally speaking, federal courts may preside over two classes of cases--those where the plaintiff's cause of action arises under federal law, and those where there is complete diversity of citizenship between the parties. 28 U.S.C. §§ 1331 and 1332.

The court may dismiss <u>sua sponte</u> for lack of subject matter jurisdiction. <u>See</u>, <u>e.g.</u>, <u>McDonal v. Abbott Labs.</u>, 408 F.3d 177, 183 (5th Cir. 2005).

IV.

<u>Analysis</u>

Because Carr does not set forth any basis for the court to exercise jurisdiction based on diversity of citizenship, to properly invoke the court's jurisdiction Carr must allege in his complaint a claim that "arises under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. In order to do so, it must be clear from the face of Carr's complaint that it raises a federal question. <u>Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.</u>, 271 F.3d 186, 188 (5th Cir. 2001). The court lacks jurisdiction if Carr's putative federal claims are "without merit or clearly foreclosed by the previous decisions of the United States Supreme Court." <u>John Corp. v. City of Houston</u>, 214 F.3d 573, 579 (5th Cir. 2000) (internal quotations omitted). Notwithstanding his invocations of several provision of federal law, Carr fails to allege facts sufficient to present a federal question.

First, the court is without jurisdiction over Carr's claims under the ADA and the Rehabilitation Act on the face of the complaint. Both bodies of law are encompassed within the rubric of Title VII. <u>See</u> 42 U.S.C. §§ 12117(a) and 2000e-16. Federal courts do not have jurisdiction to consider Title VII claims when the aggrieved party has not exhausted his administrative

remedies.  Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002).  Because Carr has failed to allege that he exhausted his Title VII administrative remedies, he has not properly brought those claims before the court.

    Next, Carr's constitutional claims do not present a federal question because they are clearly foreclosed by the previous decisions of the United States Supreme Court.  See John Corp, 214 F.3d at 579.  It is well-established that the Constitution's protections of individual liberties generally apply only to actions taken by the government.  Virginia v. Rives, 100 U.S. 313, 318 (1879); see also United States v. Cruikshank, 92 U.S. 542, 554-55 (1875).  Here, defendants are two private entities and one private citizen; based on the alleged facts, they are not subject to suit for deprivations of Carr's constitutional rights.  Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974); see also Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 298 (2001).

    Third, Carr's claim under the FCRA also fails to present any federal question.  Carr's complaint cites a single provision of the FCRA, 15 U.S.C. § 1681b, which lists the permissible uses of consumer reports under the FCRA.  Kennedy v. Chase Manhattan Bank USA, NA, 369 F.3d 833, 842 (5th Cir. 2004).  Under the FCRA a consumer report is defined as "any written, oral, or other communication of any information to a consumer reporting agency bearing on a consumer's credit worthiness."  Id. at § 1681a(d)(1) (emphasis added).  Clearly, Carr is not seeking to vindicate the

6

reporting of an inaccuracy appearing in his credit report by Texas Medical.  Therefore, his § 1681b claim against Texas Medical is wholly inconsistent with the purposes of the FCRA and cannot be said to raise a federal question.  See TRW, Inc. v. Andrews, 534 U.S. 19, 23 (2001).[4]

Finally, all circuit courts to address the issue have uniformly agreed that the Health Care Quality Improvement Act "does not create a private right of action in favor of a physician against a professional peer review group that has violated due process."  Hancock v. Blue Cross-Blue Shield of Kan., Inc., 21 F.3d 373, 374 (10th Cir. 1994); see also Singh v. Blue Cross-Blue Shield of Mass., Inc., 308 F.3d 25, 45 n.18 (1st Cir. 2002); Wayne v. Genesis Med. Ctr., 140 F.3d 1145, 1148 (8th Cir. 1998); Bok v. Mut. Assurances, Inc., 119 F.3d 927, 928-29 (11th Cir. 1997).  Thus, Carr's claims against United Regional under 42 U.S.C. § 11112(a) and 45 C.F.R. § 60.3 are frivolous and do not present a federal question.

---

[4] Even if the court concluded otherwise, Carr's claim against Texas Medical under the FCRA would fail as a matter of law inasmuch as it is clear that Texas Medical is not a consumer reporting agency subject to the FCRA.  See Washington v. CSC Credit Servs., Inc., 199 F.3d 263, 266 (5th Cir. 2000).

7

IV.

## O R D E R

For the reasons stated herein,

The court ORDERS that all claims and causes of action asserted by plaintiff in this action be, and are hereby, dismissed for want of subject-matter jurisdiction.

SIGNED August  16 , 2006.

                              /s/ John McBryde
                              JOHN McBRYDE
                              United States District Judge